UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
DUEN FOSTER ,

|  |  |
|---|---|
| Plaintiffs, | **COMPLAINT** |
|  |  |
| -against- | JURY TRIAL DEMANDED |

CORRECTIONS OFFICER DESALVO,
and JOHN DOES 1-5,

Defendants.

---------------------------------------------------------------------------X

Plaintiff, DU-EN FOSTER, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon

information and belief:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Western District of New York under U.S.C. § 1391(b), in

that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed.

R. Civ. P. 38(b).

## PARTIES

6.      At all relevant times, Plaintiff, DUEN FOSTER, was a resident of Wyoming County,

City of New York.

7.      At all times hereinafter mentioned, Defendant CORRECTIONS OFFICER DESALVO,

was a duly sworn member of the New York State Department of Corrections and

Community Supervision (DOCCS) and was assigned to work at Attica Correctional

Facility, in Wyoming County, New York State.

8.      At all relevant times, DOCCS is and was maintained by the State of New York, and is a

duly authorized public authority and/or corrections department, authorized to perform all

functions of a corrections department, acting under the direction and supervision of the

aforementioned State of New York.

9.      At all relevant times, Defendant DESALVO was acting under the supervision of said

department and according to his official duties. Defendant CORRECTIONS OFFICER

DESALVO is sued herein in his official and individual capacity.

10.     At all times hereinafter mentioned, the individually named defendants, JOHN DOES 1-5,

were duly sworn members of DOCCS and were acting under the supervision of said

department and according to their official duties.

11.    At all times hereinafter mentioned, the Defendants were assigned to work at Attica Correctional Facility.

12.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or WYOMING COUNTY.

13.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE STATE OF NEW YORK.

14.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE STATE OF NEW YORK.

## **FACTS**

15.    On January 22, 2015, at approximately 8:15 a.m., Plaintiff, DU-EN FOSTER, was lawfully present in the 225 compound landing on Attica Correctional Facility.

16.    At this time, Plaintiff was returning to 4 company.

17.    At this time, Defendant CORRECTIONS OFFICER DE SALVO approached Plaintiff, grabbed him by the neck and pushed him against the wall.

18.    Plaintiff was not engaged in any violent or suspicious activity, nor was he engaged in any other activity which would have justified this use of force by Defendant DESALVO.

19.    Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, Defendant DESALVO also punched Plaintiff in the face and continued assaulting him.

3

20. During his assault on Plaintiff, Defendant CORRECTIONS OFFICER DE SALVO called over several other officers who began beating the Plaintiff with batons.

21. At this time, Plantiff was pinned to the ground at the Defendants continued to assault him.

22. The Defendants continued to assault Plaintiff by kicking him in his leg, chest, and face.

23. The Defendants also continued to assault Plaintiff by crushing him with their body weight.

24. Despite this assault, and despite the fact that Plaintiff was not engaged in any illegal, suspicious, or violent activity, Defendant DESALVO placed handcuffs on the Plaintiff.

25. The Defendants continued to beat and assault Plaintiff even after he was placed in handcuffs.

26. By so doing, the Defendants caused Plaintiff to suffer a dislocated shoulder and a broken shoulder blade.

27. Plaintiff sustained serious pain and injuries as a result of this beating, but he was not provided with appropriate medical attention.

28. Instead, Plaintiff was placed in solitary confinement following this incident.

29. Upon information and belief, the Defendants commenced an administrative disciplinary proceeding against Plaintiff, wherein they provided false allegations to other corrections officers.

30. The false allegations provided by the Defendants caused Plaintiff to be unnecessarily and improperly placed in solitary confinement and to undergo disciplinary proceedings based on false charges.

31.   These charges were made on the basis of false allegations sworn to by each of the Defendants.

32.   Each of the named individual Defendants provided these false statements knowing that there was no basis to support these allegations.

33.   These and other allegations, information, and evidence, were false and the defendants knew them to be false when they made them.

34.   The decision to provide false statements and false evidence in the form of statements was objectively unreasonable.

35.   At no time did there exist sufficient cause to assault Plaintiff or to subject him to excessive force, nor could the Defendants have reasonably believed that such cause existed.

36.   The factual allegations and testimony sworn to by each of the Defendants were materially false and deliberately made to justify the illegal, continued arrest and confinement of plaintiff.

37.   At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

38.   The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

39.   That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of DOCCS' interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## FOR EXCESSIVE FORCE,
## DENIAL OF DUE PROCESS, AND
## FAILURE TO INTERVENE
## PURSUANT TO 42 U.S.C. SECTION 1983

40.    Plaintiff DUEN FOSTER repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41.    At no time did defendants have any legal basis for subjecting Mr. Foster to excessive force, or commencing an administrative disciplinary process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

42.    Defendants willfully and intentionally seized and assaulted the plaintiff without probable cause and without a reasonable basis to believe such cause existed.

43.    Defendants misrepresented and falsified evidence before the disciplinary entity convened to oversee and adjudicate Mr. Foster's false disciplinary charges.

44.    Defendants did not make a complete and full statement of facts to this disciplinary entity.

45.    Defendants withheld exculpatory evidence from the disciplinary entity.

46.    Defendants were directly and actively involved in the initiation of the disciplinary proceedings against plaintiff.

47.    Defendants lacked any basis to initiate disciplinary proceedings against plaintiff.

48.    Defendants acted with malice in assaulting the Plaintiff, commencing disciplinary proceedings against him, and placing him in solitary confinement.

49.    Defendants were directly and actively involved in the continuation of the disciplinary proceedings against plaintiff.

6

50.     Defendants lacked any basis to continue disciplinary proceedings against Plaintiff.

51.     Defendants misrepresented and falsified evidence throughout all phases of the disciplinary proceedings.

52.     By so doing, the individual defendants, individually and collectively, subjected Plaintiff to excessive force, malicious use and abuse of process, unlawful searches of person and property, fabrication of evidence, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

53.     The Defendants are also liable to Mr. Foster for their failure to intervene on his behalf when they observed their fellow officers brutally assaulting the Plaintiff, and then fabricating lies to conceal their conduct.

54.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against each Defendant on each of the foregoing causes of action as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
        November 3, 2017

                        Respectfully submitted,

                        **LAW OFFICES OF MICHAEL S.**
                        **LAMONSOFF, PLLC**
                        *Counsel for the Plaintiffs*


                                /s/
        By:     JESSICA MASSIMI (JM-2920)
                32 Old Slip, 8th Floor
                New York, New York 10005
                (212) 962-1020